UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> SULLIVAN GRANITE CO., LLC and CONRAD J. SMITH, <br><br> Defendants. | ) ) ) ) ) ) ) 1:10-cv-00456-JAW ) ) ) ) ) ) |

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

On November 4, 2010, Hilda L. Solis, Secretary of Labor, United States Department of Labor (DOL), filed a Complaint in this Court together with a Motion for Temporary Restraining Order (TRO) against Sullivan Granite Co., LLC and Conrad J. Smith. *Compl.* (Docket # 1); *Mot. for TRO, Preliminary Inj., and Permanent Inj.* (Docket # 3). On November 17, 2010, the Court held a hearing on the motion for TRO. *Minute Entry* (Docket # 15). Conrad J. Smith appeared *pro se*.[1] Attorney Kevin E. Sullivan appeared telephonically on behalf of the Secretary of Labor.

---

[1] Conrad J. Smith was accompanied by his father Stephen Smith, who had filed documents as the purported agent of Conrad J. Smith. After confirming with Stephen Smith that he is not licensed to practice law, the Court advised Stephen Smith that he could not represent his son at the proceeding and would not be allowed to file documents on Conrad J. Smith's behalf. By statute, "an individual may appear in federal courts only *pro se* or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein").

     Conrad Smith clarified that he is operating the quarry personally and that his limited liability company Sullivan Granite Co., LLC is no longer viable. He said that he is now doing

Mr. Smith objected to the Secretary's motion. First, he contended that the Federal Mine and Safety and Health Act of 1977 (FMSHA), 30 U.S.C. § 801 *et. seq.*, does not confer jurisdiction to the DOL over quarries. Mr. Smith noted that the word "quarry" does not appear in the FMSHA and he emphasized that the dictionary definition of "mine" over which the Department has authority under FMSHA differs from the dictionary definition of "quarry." Second, he said that he had written to the United States Small Business Administration (SBA) and complained about the DOL's actions in entering onto and inspecting his property. He said that he had received a letter from the SBA's ombudsman, confirming that he had referred the matter for high level review within the DOL, and asked the Court to stay the case until the DOL review had been completed. Finally, Mr. Smith emphasized that he is not a wealthy man, cannot afford a lawyer, is simply trying to run a small business, and to build a granite house, and he objects to what he perceives is overly aggressive federal interference in his affairs.

Regarding the first issue, the law is against Mr. Smith's narrow interpretation of the statute. The FMSHA defines "coal or other mine" to include "an area of land from which minerals are extracted in nonliquid form or, if in liquid form, are extracted with workers underground." 30 U.S.C. § 802(h)(1). In *Donovan v. Dewey*, 452 U.S. 594, 597 n.2 (1978), the United States Supreme Court addressed whether a quarry fits within this definition:

> It is undisputed that the quarry operated by appellee company falls within this definition.

---

business as Sullivan Granite Co., LLC. The Order therefore will run against Mr. Smith individually and doing business as Sullivan Granite Co., LLC.

Based on the plain language of the statute as construed by the Supreme Court, the Court rejects Mr. Smith's distinction between a quarry and a mine.

Regarding Mr. Smith's administrative complaint that is apparently now pending before the DOL, Mr. Smith's complaint to another federal agency about DOL conduct and the SBA's administrative referral to DOL does not deprive this Court of jurisdiction over DOL's pending motion.

Finally, regarding Mr. Smith's complaint about federal interference in his quarry business, the Court is personally sympathetic to Mr. Smith's effort to run a small business in a difficult economy. But like all businesses, his quarry must comply with the law.

The Court has carefully reviewed the DOL's motion for TRO with its supporting documents and notes that the DOL is requesting only that Mr. Smith stop interfering with them in their attempts to inspect the quarry and enforce the law. The Court is satisfied that the DOL has established its entitlement to a TRO. *See Puerto Rico Hosp. Supply, Inc. v. Boston Scientific Corp.*, 426 F.3d 503, 507 (1st Cir. 2005).

At the hearing, the DOL also asked that the Court order Mr. Smith to cease operation of the quarry pending the hearing on the motion for preliminary injunction. In fairness to Mr. Smith, the Court orders only the relief the DOL sought in its motion, not the additional relief it requested during the November 17, 2010 hearing. At the same time, the Court alerts Mr. Smith that if he wishes to continue to operate his quarry, Mr. Smith must comply with the terms of this Order

and if he fails to do so, the effect of the Order may be to enjoin his operation of his business. In other words, the Court will not at this point prevent Mr. Smith from operating his business so long as he does so lawfully.

The Court ORDERS that Conrad J. Smith, doing business as Sullivan Granite Co. LLC, his agents, employees, and all others in active concert and participation with him, are hereby temporarily enjoined from interfering with, hindering, and delaying the Secretary of Labor or her authorized representative in carrying out the provisions of the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801 *et seq.*; violating Withdrawal Orders issued by the Secretary of Labor pursuant to the Act; failing to abate cited violations of safety and health regulations promulgated under the Act; refusing entry into the quarry to authorized representatives of the Secretary of Labor attempting to conduct inspections authorized by the Act; refusing to allow access to equipment at the quarry (including but not limited to propane tanks, cranes and trucks); refusing and/or failing to provide documents; refusing to provide information upon request; and refusing to provide assistance with said inspection.

The Court further ORDERS that the United States Marshal shall serve a copy of this Order by delivering the same to Conrad J. Smith and by conspicuously posting the same at the quarry identified as Brown's Meadow Quarry at the end of Track Road, Sullivan, Maine 04664.

Finally the Court has scheduled an evidentiary hearing on the pending motion for preliminary injunction for 8:30 a.m. on December 7, 2010. This Order will remain effective pending further Order of the Court.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2010