UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HILDA L. SOLIS,  Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>SULLIVAN GRANITE CO., LLC and CONRAD J. SMITH,<br><br>Defendants. | )<br>)<br>)<br>)<br>)    1:10-cv-00456-JAW<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTIONS TO DISMISS**

On November 4, 2010, Hilda L. Solis, the Secretary of Labor, filed this action for injunctive relief against Sullivan Granite Co., LLC and Conrad J. Smith, seeking to enjoin the Defendants from interfering with the Department of Labor's (DOL) attempts to enforce the Federal Mine Safety and Health Act of 1977. *Compl.* (Docket # 1). On November 24, 2010, the Court issued a temporary restraining order and on December 9, 2010, by agreement of the parties, it issued a preliminary injunction. *Order on Mot. for TRO* (Docket # 17); *Order on Prelim. Inj.* (Docket # 29). The case continued to proceed and on October 5, 2011, the Court held a Final Pretrial Conference before Magistrate Judge Kravchuk. On September 28, 2011, the Defendants filed a Pretrial Memorandum; the DOL did not. *Final Pretrial Mem.* (Docket # 32). On October 5, 2011, the Defendants came to the scheduled Final Pretrial Conference; the DOL did not. *Order* (Docket 38). On October 5, 2011, the Defendants moved to dismiss the DOL's Complaint based on the DOL's

failure to appear. *Defs.' Mot. to Dismiss* (Docket # 37). On October 14, 2011, the DOL moved to dismiss the case because the Defendants were no longer interfering with the DOL and a permanent injunction was no longer necessary. *Pl.'s Notice of Dismissal* (Docket # 39).

The DOL should know that the Court does not condone its unusual failure to file a court-ordered final pretrial memorandum and to appear at a court-ordered pretrial conference. In its motion to dismiss, the DOL did not mention the Magistrate Judge's Court Order, which discussed the DOL's decision to ignore the Court Orders in this case, and it is ironic that the *pro se* Defendants obeyed the Orders and the Government attorneys did not. If the Defendants had become compliant and the DOL had decided it was not necessary to proceed with the case, it is understandable that the DOL decided not to unnecessarily expend scarce governmental resources; however, it is not acceptable that in the interim, the DOL simply ignored court orders.

Nevertheless, as all parties seek the same relief, the Court GRANTS Defendants' Motion to Dismiss (Docket # 37) and Plaintiff's Notice of Dismissal (Docket # 39), and DISMISSES the Complaint without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2011